United States District Court
Southern District of Texas
**ENTERED**
November 02, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT          SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Paragon Healthcare Group, LLC, et al., § § Plaintiffs, § § versus § § Affiliated FM Insurance Company, § § Defendant. § | Civil Action H-19-4996 |

## Opinion on Partial Dismissal

1.  *Introduction.*

    Paragon Healthcare Group operates and owns assisted living facilities throughout Texas. Since 2017, Paragon's carrier is Affiliated FM Insurance Company. The insurance policy covered 22 properties against "all risks of physical loss or damage."

    On August 25, 2017, Hurricane Harvey hit Texas and damaged Paragon's properties. Paragon filed claims for damages and business interruption losses covered under the policy. Under the policy, Paragon must have incurred its costs within two years of the date of loss.

    In November of 2017, Paragon found mold at the Royal Oaks Rehab location. About month later, Paragon met with Affiliated to discuss the mold and the scope of repairs at seven locations. Paragon submitted estimates to Affiliated for "law and ordinance" and "architectural and engineering fees." Affiliated reviewed the claims but it did not agree to pay.

    On December 28, 2018, Affiliated and Paragon agreed on time and material rates for contractors and hired Hexagon to monitor the restoration of Paragon's properties.

By fall 2019, it had been two years since Hurricane Harvey and the repairs were not finished. The replacement cost coverage required that Paragon repair the site within two years from the date of loss. Affiliated notified Paragon that the claim had expired.

On December 24, 2019, Paragon sued Affiliated for (a) breach of contract; (b) unfair settlement practices; (c) prompt payment of claims; (d) breach of duty of good faith and fair dealing; (e) estoppel; (f) quasi-estoppel; and (g) "punitive/exemplary" damages for bad faith.

Affiliated moves to dismiss the unfair settlement practices, negligent misrepresentation, quasi-estoppel, and "punitive/exemplary" damages for bad faith claims. Affiliated prevails.

2. *Extra-Contractual Claims.*

Paragon alleges that Affiliated violated the Texas Insurance Code for unfair settlement practices. Paragon also wants punitive and exemplary damages for bad faith.

Paragon gives the bare bones elements of an unfair settlement practice claim copied from a book. Paragon pleaded conclusory statements that Affiliated misrepresented the policy requirements for repairs within two years of the date of loss without facts to support the claim.

Paragon has also not pleaded facts of bad faith for "punitive/exemplary." The complaint says Affiliated was aware that the contractual work would take more than two years. Even if Affiliated was put "on notice," Affiliated had a reasonable basis to deny the claim because the two year period since the date of loss expired. No fact pleaded suggest that Affiliated was maliciously leading Paragon to believe it had or would extend the two-year deadline. For the same reasons, the claim for "punitive and exemplary" damages for bad faith also fail.

3. *Negligent Misrepresentation.*

Paragon also says Affiliated made "misrepresentations and omissions." Negligent misrepresentation claims under the Texas Insurance Code must comply with the rigorous pleading requirements of Rule 9(b).[1] Paragon did not adequately plead facts demonstrating any misrepresentation by Affiliated much less an actionable one. Replacement cost coverage required Paragon repair the site within two years from the date of loss. It had already received $19 million from Affiliated for property damage and business interruption losses.

Paragon is required to bring their properties up to code whether or not Affiliated approves. Besides this two-year deadline, this is a dispute about the scope of repairs covered under the contract—not Affiliated's "misrepresentations and omissions."[2]

4. *Quasi-Estoppel.*

Because quasi-estoppel is not a recognized legal theory, this claim is dismissed.

5. *Conclusion.*

Paragon's unfair settlement practices, negligent misrepresentation, quasi-estoppel, and "punitive/exemplary" damages for bad faith claims against Affiliated are dismissed.

Signed on November 2, 2021, at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge

---

[1] *Frith v. Guardian Life Ins. Co. of America*, 9 F.Supp.2d 734, 742–43 (S.D.T.X.1998)

[2] AFM Policy No. EQ827 at pg. 36 of 44.