United States District Court
Southern District of Texas
**ENTERED**
November 03, 2021
Nathan Ochsner, Clerk

| | | |
|---|---|---|
| United States District Court | | Southern District of Texas |

Paragon Healthcare Group, LLC, et al., §
§
Plaintiffs, §
§
versus § Civil Action H-19-4996
§
Affiliated FM Insurance Company, §
§
Defendant. §

## Opinion on Attorney Fees

In 2017, Paragon Healthcare Group purchased insurance from Affiliated FM Insurance Company to cover losses for 22 properties. In September 2017, Hurricane Harvey damaged Paragon's properties.

Paragon filed an insurance claim with Affiliated. Paragon then hired Karl Denison, a public adjustor, to evaluate the damage. Affiliated paid over $19 million for property damage and business interruption losses. Paragon also requested replacement coverage for code upgrades to the properties. From August 2017 to October 2019, Affiliated and Paragon discussed the adjustment of claims.

The policy says no lawsuit can be filed unless: (a) the insured complied with all the requirements of the policy, and (b) legal action starts within two years and one day after the cause of damage. On May 10, 2019, Karl Denison emailed Affiliated requesting a one year extension for filing claims and a lawsuit. Initially, Affiliated denied the request. When Karl Denison asked again, Affiliated extended Paragon's deadline to file suit through December 31, 2019.

On October 10, 2019, Affiliated advised Paragon that it was "done with the claim." On November 19, 2019, Paragon received the formal final notice on the losses. The parties attempted to resolve the dispute in mid-December 2019. On December 24, 2019, Paragon sued Affiliated. Affiliated moves to deny attorneys' fees because Paragon did not give pre-suit notice required under Chapter 542A of the Texas Insurance Code. Paragon says it was impracticable to give the pre-suit notice because Affiliated did not give a final claim decision until 42 days before pre-suit notice was required.

1. *Texas Insurance Code.*

Chapter 542A of the Texas Insurance Code requires a claimant give 61 days pre-suit notice before filing a lawsuit against an insurance company. If the claimant does not give pre-suit notice, attorney fees are excluded.[1] Texas law gives an exception if notice was impracticable.

Paragon was required to notify by October 24, 2019. It did not. Paragon believes the exception applies because it was impracticable to give notice when it was unclear the claim had expired. Paragon says it did not receive a final claim determination until November 2019. Paragon also says the parties were still discussing a potential settlement through December 2019.

Notice is impracticable when there is a "reasonable basis" for believing there is insufficient time to give notice. Impracticability means pre-suit notice genuinely could not be provided.[2] Denison was made aware that the claim might require litigation when they asked for an extension to file suit. Denison could have filed pre-suit notice when Affiliated said it would no longer pursue the claim – 20 days before the pre-suit notice deadline.

---

[1] Section 542A.007(d) of the Texas Insurance Code

[2] *Tadeo as Tr. of John E. Milbauer Tr. v. Great N. Ins. Co.*, 2020 WL 4284710 (N.D. Tex. July 27, 2020)

Affiliated did not engage in "dilatory tactics" to prevent Paragon from filing suit. Paragon was on notice that Affiliated would not pursue their claim on October 10, 2019. Paragon did not need to give a final determination letter for notice under 542A.003(d).

2. *Conclusion.*

Because Affiliated has shown a basis to preclude attorneys fees, it prevails.

Signed November 3, 2021, at Houston, Texas.

Lynn N. Hughes
United States District Judge