United States District Court
Southern District of Texas
**ENTERED**
September 21, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PARAGON HEALTHCARE GROUP, LLC, BROOKSHIRE TX SNF MANAGEMENT, LLC, d/b/a BROOKSHIRE RESIDENCE & REHABILITATION CENTER, BROOKSHIRE TX SNF REALTY, LLC, ROCKDALTE TX SNF MANAGEMENT, LLC, d/b/a ROCKDALE RESIDENCE & REHABILITATION CENTER, ROCKDALE TX SNF REALTY, LLC, SHARPVIEW SNF MANAGEMENT, LLC, d/b/a SHARPVIEW RESIDENCE & REHABILITATION CENTER, SHARPVIEW TX SNF REALTY, LLC, VICTORIA TX SNF MANAGEMENT, LLC, d/b/a VICTORIA RESIDENCE & REHABILITATION CENTER, VICTORIA TX SNF REALTY, LLC, WEBSTER SNF MANAGEMENT, LLC, d/b/a WEBSTER RESIDENCE & REHABILITATION CENTER, WEBSTER TX SNF REALTY, LLC, WEST HOUSTON SNF MANAGEMENT, LLC, d/b/a ROYAL OAKS RESIDENCE & REHABILITATION CENTER, WEST HOUSTON TX SNF REALTY, LLC, WILLOWBROOK SNF MANAGEMENT, LLC, d/b/a WILLOWBROOK RESIDENCE & REHABILITATION CENTER, and WILLOWBROOK TX SNF REALTY, LLC,<br><br>    Plaintiffs,<br><br>v.<br><br>AFFILIATED FM INSURANCE COMPANY,<br><br>    Defendant. | **Civil Action No. 4:19-CV-04996** |

**MEMORANDUM OPINION AND ORDER**

This is a breach-of-contract case involving recovery on an insurance policy. Originally filed in December 2019, Plaintiffs filed an Amended Complaint in March 2020. Some of Plaintiffs' claims were dismissed in November 2021 by Judge Lynn Hughes because they were insufficient. Plaintiffs now seek leave to amend their pleadings for a second time, against the wishes of Defendant Affiliated FM Insurance Company ("Affiliated"). Pending before the Court is Plaintiffs' Motion for Leave to Amend Complaint. (Dkt. No. 95). For the reasons stated below, the Court **GRANTS** the Motion.

Also pending is Defendant Affiliated FM Insurance Company's Motion for Summary Judgment, (Dkt. No. 73), and Defendant Affiliated FM Insurance Company's Motion to Strike the Unsworn Declaration of Lloyd H. Bernstein, (Dkt. No. 84). In light of the fact that Plaintiff has been granted leave to amend, the Court **DENIES WITHOUT PREJUDICE** Defendant Affiliated FM Insurance Company's Motion for Summary Judgment and Motion to Strike the Unsworn Declaration of Lloyd H. Bernstein.[1]

**I.   BACKGROUND**[2]

This case involves "substantial property damage to several of Plaintiffs' health care facilities . . . in August 2017 arising from Hurricane Harvey." (Dkt. No. 100 at 2); (*see*

---

[1] "An amended complaint, which supersedes the original complaint as the operative live pleading, generally renders moot a motion for summary judgment on the original complaint." *Lofty, LLC v. McKelly Roofing, LLC*, No. 2:17-CV-00159, 2018 WL 6004307, at *1 (N.D. Tex. Nov. 7, 2018), *adopted*, No. 2:17-CV-00159, 2018 WL 600147 (N.D. Tex. Nov. 15, 2018) (citing *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (additional citations omitted).

[2] The Court makes these findings for the sole purpose of this Memorandum Opinion and Order.

*also* Dkt. No. 16). In November 2021, Judge Hughes dismissed Plaintiffs' claims for "unfair settlement practices, negligent misrepresentation, quasi-estoppel, and 'punitive/exemplary' damages for bad faith" for failure to state a claim. (Dkt. No. 60 at 2–3); (*see also* Dkt. No. 61). Judge Hughes also granted Affiliated's Motion to Exclude Attorneys' Fees, (Dkt. No. 12), finding that the Texas Insurance Code precludes Plaintiffs from recovering attorneys' fees. (Dkt. No. 62 at 3); (*see also* Dkt. No. 63). The Parties engaged in limited discovery,[3] and Plaintiffs argue that this discovery has revealed evidence "support[ing] claims previously plead, and dismissed[.]" (Dkt. No. 95 at 1). Plaintiffs seek to amend their Complaint because of "evidence adduced during depositions" in order to "re-assert claims" that were previously dismissed and "[t]o be more explicit in the relief sought[.]" (*Id.* at 1–2).

## II. LEGAL STANDARD

Rule 15(a)(2) of the Federal Rules of Civil procedure provides that "a party may amend its pleadings only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 15(a) "evinces a strong bias in favor of granting a motion for leave to amend a pleading." *F.D.I.C. v. Conner*, 20 F.3d 1376, 1385 (5th Cir. 1994). But, even so, a grant of leave to amend "is not automatic." *Matter of Southmark Corp.*, 88 F.3d 311, 314 (5th Cir. 1996). A court should deny leave to amend "if it determines that the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its facts[.]" *Campa*

---

[3] Discovery is set to close in this case on January 29, 2024. (*See* Dkt. No. 94).

3

*v. Nationwide Prop. & Cas. Inc. Co.*, No. 4:10-CV-02707, 2010 WL 3733469, at *2 (S.D. Tex. Sept. 7, 2010) (cleaned up).

"A decision to grant leave is within the discretion of the trial court." *Southmark*, 88 F.3d at 314. But that discretion "is not broad enough to permit denial if the court lacks a substantial reason to do so." *Id.* "Toward that end, the district court may consider factors such as whether there has been 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment.'" *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 566 (5th Cir. 2002) (quoting *Jacobsen v. Osborne*, 133 F.3d 315, 318 (5th Cir. 1998)).

"It is within the district court's discretion to deny a motion to amend if it is futile." *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872–73 (5th Cir. 2000). An amendment is futile when "the amended complaint would fail to state a claim upon which relief could be granted." *Id.* at 873 (holding that for futility, the standard is the same as the 12(b)(6) standard of legal sufficiency). "A defendant is prejudiced if an added claim would require the defendant to reopen discovery and prepare a defense for a claim different from the one that was before the court." *Smith v. EMC Corp.*, 393 F.3d 590, 596 (5th Cir. 2004) (cleaned up); *see also OnPoint Systems, LLC v. Protect Animals With Satellites, LLC*, No. 4:20-CV-00657, 2021 WL 3140562, at *2 (E.D. Tex. July 26, 2021) (holding that defendant will not be prejudiced because "[d]iscovery is still in its beginning stages and so it would not have to reopen, merely continue").

4

## III. DISCUSSION

Plaintiffs seek to re-assert their dismissed claims in light of evidence revealed during limited discovery. (Dkt. No. 95 at 1). They also seek to "be more explicit in the relief sought[.]"[4] (*Id.* at 2). Affiliated argues that Plaintiffs' request should be denied both because all amendments would be futile, (Dkt. No. 99 at 5–10), and because allowing amendment would prejudice Affiliated, who would be "forced to re-litigate previously dismissed claims and engage in piecemeal litigation." (*Id.* at 10–11). Finding no "substantial reason" to deny leave to amend, the Court agrees with the Plaintiffs. *See Southmark*, 88 F.3d at 314.

### A. FUTILITY

Plaintiffs argue that their "amendments are not futile but rather cure the defect that Judge Hughes noted in his Order[.]" (Dkt. No. 100 at 6). Affiliated argues that even with the amendments, Plaintiffs "have not pled the alleged misrepresentation and fraudulent acts with sufficient particularity." (Dkt. No. 99 at 5). Although noting that Plaintiffs' "proposed allegations may provide more color" to the pleadings, Affiliated argues that the amendments still fail to survive the Rule 9(b)[5] pleading standard because Plaintiffs do not allege an "actual material misrepresentation or omission." (*Id.* at 7).

---

[4] Although Judge Hughes denied Plaintiffs' request for attorneys' fees, Plaintiffs' Second Amended Complaint includes them again. (*See* Dkt. No. 95-1 at 26, 29–30). Affiliated argues that the Motion should be denied on this basis because "Plaintiffs have no reasonable basis for failing to provide statutorily required pre-suit notice, and thus any amendment would be futile." (Dkt. No. 95 at 7–10). Moreover, Affiliated argues that this would force the Parties to "re-litigate" this issue. (*Id.* at 10–11). The Court disagrees at this time. Affiliated may move for summary judgment on this issue in accordance with the deadlines in the Scheduling Order.

[5] Rule 9(b) creates a heightened standard and requires that "plaintiffs, in alleging fraud or mistake must state with particularity the circumstances constituting fraud or mistake. Malice,

In reply, Plaintiffs assert that the amendments "allege[] facts shown by discovery about Defendant's substantial failure to properly investigate, determine, and agree that Code remediation work was necessary," providing a factual basis that Affiliated engaged in "omission of material fact[.]"  (Dkt. No. 100 at 7); (*see* Dkt. No. 95-1 at 7–21).  Reviewing each change, Affiliated argues that "these proposed amendments simply offer additional details regarding the adjustment of the claim," but that it is "unclear how any of these amended allegation support Plaintiffs' claims for bad faith and statutory misrepresentation premised on 'fraud' and 'malice.'"  (Dkt. No. 99 at 6).

In the proposed amended pleadings, Plaintiffs provide facts in support of the allegation that Affiliated "either: (1) had no honest intention of continuing or completing the process in good faith; or (2) initially intended to complete the process in good faith, but in bad faith, changed its position at a later date."  (Dkt. No. 95-1 at 17).  Deposition testimony provided new information as to Affiliated's knowledge of potential delays in the repair process.  (*Id.* at 14).  As a result of documents produced in discovery, Plaintiffs alleged new facts regarding Affiliated's "aware[ness] that the projected repairs could not reasonably be completed" by the agreed time.  (*Id.* at 16–17).  The proposed amended pleading goes on to articulate, in detail, what all was uncovered in discovery that provides the factual basis for the contested claims.  (*Id.* at 18–20).

---

intent, knowledge, and other conditions of a person's mind may be alleged generally."  *Curtis v. Cerner Corp.*, 621 B.R. 141, 167 (S.D. Tex. 2020) (quoting Fed. R. Civ. P. 9(b)) (cleaned up).  Rule 9(b)'s particularity requirement "is an exception to Rule 8(a)'s simplified pleading that calls for a 'short and plain statement of the claim.'"  *U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 185 (5th Cir. 2009) (citing Fed. R. Civ. P. 8(a)).

The Court finds that the proposed amendments are not futile such that leave to amend should be denied. *See Stripling*, 234 F.3d at 873 (holding that the district court abused its discretion by finding that plaintiff's requested amendment was futile because "[u]nder the low threshold by which we evaluate dismissal under Rule 12(b)(6) and resolving any doubts in favor of [plaintiff], we find that [the plaintiff] adduced facts in support of its claim that would entitle it to relief").

**B.     PREJUDICE**

Affiliated argues that allowing Plaintiffs to re-assert[6] their claims would be prejudicial because Affiliated "has already taken the depositions of Plaintiffs' key witnesses and filed its Motion for Summary Judgment[.]" (Dkt. No. 99 at 10). In reply, Plaintiffs argue that any potential prejudice is not undue because "[t]he discovery period is not closed and . . . does not end until January 29, 2024." (Dkt. No. 100 at 8). Moreover, they argue that "it was Defendant's choice to file an *early* dispositive motion (before the close of discovery) when only *limited* discovery had been completed." (*Id.*) (emphasis in the original).

As discovery is currently ongoing and need not be reopened, the Court finds that Affiliated will not be prejudiced on this basis by granting Plaintiffs leave to amend their

---

[6] Without specifying, Affiliated asserts that Plaintiffs are also attempting to "raise new causes of action altogether." (Dkt. No. 99 at 11). Plaintiffs argue in reply that Affiliated "was on notice of Plaintiffs' bad faith claims from the beginning of the lawsuit." (Dkt. No. 100 at 8). Because a claim for bad faith is included in Plaintiffs' live Complaint, (*see* Dkt. No. 16 at 24), the Court agrees that Affiliated was on notice of such claims and will not be prejudiced. *See Smith v. EMC Corp.*, 393 F.3d 590, 596 (5th Cir. 2004) (finding that a defendant is unduly prejudiced when forced to "prepare a defense for a claim" of which it has no prior notice).

Complaint. *See Smith*, 393 F.3d at 596 (finding that the considerable delay and expense of having to reopen discovery would prejudice defendant); *OnPoint*, 2021 WL 3140562, at *2 (finding that defendant will not be "unduly prejudiced" because discovery "would not have to reopen, merely continue").

## IV.   CONCLUSION

For the forgoing reasons, the Court **GRANTS** Plaintiffs' Motion for Leave to Amend Complaint. (Dkt. No. 95). It is, therefore, **ORDERED** that the Clerk accept for filing the document attached to the Motion as Exhibit A titled "Plaintiffs' Second Amended Complaint and Demand for Jury Trial." Additionally, the Court **DENIES WITHOUT PREJUDICE** Defendant Affiliated FM Insurance Company's Motion for Summary Judgment, (Dkt. No. 73), and Defendant Affiliated FM Insurance Company's Motion to Strike the Unsworn Declaration of Lloyd H. Bernstein, (Dkt. No. 84).

It is SO ORDERED.

Signed on September 20, 2023.

_____
**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**